## ROBERTS v. SMITH.

## SMITH v. BOYLE.

1. One who purchases land, goes into possession with the consent of the vendor, and pays the purchase money, but receives no deed of conveyance, is entitled to specific performance, and for all practical purposes is the owner of the land. And it does not alter the case if part of the purchase money was paid after the death of the purchaser.

2. After-acquired land did not pass under the will of a testator who died before 1858.

3. An assignment to the widow of such purchaser of the title deed to the property held by the vendor, which assignment was made without consideration and executed without witnesses, conveyed no title; but if regular, the widow would have held as trustee for the heirs.

4. *Quere.* Can the creditor of one deceased urge a plea of adverse possession in behalf of the debtor's estate, no such claim being asserted by the heirs or administrator of the deceased?

5. A devisee who is also executrix, does not hold the subject of the devise by adverse possession against the creditors of the testator, until his debts are all paid.

6. When a widow, who is also executrix, claims by devise what is afterwards discovered to be intestate property, such discovery cannot have relation back, so as to change the character of her possession.

7. One co-tenant cannot claim land by adverse possession againt her co-tenants living with her, there having been no ouster, and two of them being minors.

8. Judgment was recovered against B in 1849, renewed against his administrator in 1869, and incidentally affirmed in 1870 in an action to which all the heirs at law of B were parties. *Held,* in action brought in 1882, that this judgment was an outstanding debt of B's estate.

9. B gave his bond in 1850, secured by mortgage, and judgment upon this bond was obtained against B's administrator in 1871, B's heirs at law not being parties. Whether this judgment was a lien upon the lands of B depended upon the character of his heirs' possession, but the bond and mortgage are valid claims against B's estate (which is the land mortgaged), his heirs, parties to this action, raising no objection to their payment.

10. Where a debtor acknowledged her bond as a subsisting obligation within thirteen years after its maturity, the currency of a presumption of payment dates only from such acknowledgment. Distinction drawn between the force of admissions made on a debt not yet

presumed to be paid, and on one where the presumption of payment is complete. This case thus distinguished from *McQueen* v. *Fletcher*, 4 *Rich. Eq.*, 161.

11. After judgment obtained on a bond, the debtor, by letter to her creditor, acknowledged her indebtedness on the "bond" held by the creditor. There being no other indebtedness by her to this creditor, *held*, that it was an acknowledgment of the judgment debt.

Before WALLACE, J., Charleston, June, 1883.

These were two actions heard together: 1. Action by Susan V. Roberts against T. H. Smith, administrator of M. E. J. Boyle, Susan Smith, Sarah C. Miles, and L. C. Boyle, commenced April 4, 1882, to foreclose a mortgage given by M. E. J. Boyle. 2. Action by Susan Smith against L. C. Boyle, Sarah C. Miles, T. H. Smith, Susan V. Roberts, A. C. Schaffer, as administrator L. C. Boyle, the elder, and against the heirs of Josiah I. Perry, deceased, commenced May 11, 1882, for partition of the estate of L. C. Boyle, deceased. The opinion fully states the cases.

*Mr. W. M. Thomas*, for appellant.

*Messrs. Lord & Inglesby* and *Jennings W. Perry*, contra.

September 22, 1884. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. These cases were filed in Colleton county, were removed to Charleston by order of court, and, involving substantially the same issues, were by consent heard together. An order of reference was made, requiring the master, G. H. Sass, Esq., to take the testimony and report upon "all the issues of law and fact," whose report discloses substantially the following facts:

Lionel Chalmers Boyle purchased the plantation known in the proceedings as the "Singleton tract," the subject of the suits, from Josiah Isaac Perry in the year 1850. He paid cash, $400, of the purchase money, but this amount he borrowed from the said Perry, as executor of Susan M. Perry, and to secure the bond given for the same, executed to the said Perry as executor as aforesaid, a mortgage of the land so purchased, but this mort-

gage was not recorded until February 5, 1868. It seems that no formal conveyance was executed to Boyle, but he was let into the possession and occupied it until December 21, 1850, when he died, leaving a will bearing date August 13, 1849, by which he bequeathed and devised in terms the whole of his property, real and personal, to his wife, Mary E. J. Boyle. The dates show, however, that he purchased the Singleton land after he had executed his will, and therefore being after-acquired property, it did not pass under his will according to the law then in force, but was intestate property.

It is manifest, however, that the parties thought the land well devised to the widow. The remainder of the purchase money was paid after the death of L. C. Boyle, through O'Hear, Roper & Stoney, who had been the factors of Boyle in his life-time, and continued to be the factors of the estate after his death. After the balance of the purchase money was paid in this way, Josiah I. Perry still did not make title direct, but endorsed on the deed of the land made to him by his vendor, the executor of Singleton, an assignment in the following words: "The State of South Carolina, Colleton county. I do hereby transfer and assign the within named plantation to Mrs. M. E. J. Boyle, her heirs and assigns forever, for and in consideration of full value received. In witness whereof I have hereto set my hand and seal, this first day of March, 1851. (Signed) Josiah I. Perry. [L.S.]" As appears, this assignment was under seal, but it was not witnessed or recorded, and there was no proof that it had ever been delivered.

The following claims were set up against the proceeds of the land:

1. The widow, M. E. J. Boyle, and her children, continued in possession of the land after the death of L. C. Boyle, and on March 22, 1853, she executed her bond to Jacob A. Lockwood, trustee, for $1,350, and to secure it, executed to him, as such trustee, a mortgage of the said plantation, of even date, which was recorded April 14, 1853. This mortgage did not include all of the Singleton land, but only two parts of it—one of 700, and another of 500 acres; two other tracts—the "Pine Barren tract," consisting of 200 acres, and another, called "Cattles," containing 405 acres, included in the Singleton land, were omitted in the

mortgage to Lockwood, trustee. The land and mortgage were assigned by Lockwood, trustee, to Susan V. Richards (now Roberts), the *cestui que trust*, and are now sought to be foreclosed on the land, in the case first stated in the title. There remains due upon this debt of M. E. J. Boyle the sum of $500, with interest from August 1, 1864.

2. On March 17, 1853, Jacob A. Lockwood, as guardian, recovered judgment against Mary E. J. Boyle for $3,135. This judgment is still unsatisfied, but it is claimed that it must be presumed paid by lapse of time. To rebut this presumption, Mrs. Roberts relies on the following letter of Mrs. Boyle, viz.: "Mr. Richards—Sir: I received a short time since a letter from you relative to amount of balance due on bond to Mr. Lockwood, as guardian. I regret very much it is not in my power at present to settle same, but assure you I shall endeavor to do so as soon as possible. Must beg your further indulgence. February 9, 1866. Yours, very respectfully, (signed) M. E. J. Boyle." Mrs. Boyle died intestate on December 10, 1867, and T. Henry Smith administered upon her estate.

3. As before stated, L. C. Boyle had in his life-time given a bond to Perry, as executor, for $400, which was secured by a mortgage of the Singleton land, not recorded until 1868. Upon this bond Perry, after the death of Boyle, sued A. C. Schaffer, his administrator, without making the heirs parties, and recovered judgment against the administrator in December, 1871. This judgment is still unsatisfied, and is claimed to be due by the estate of L. C. Boyle.

4. In February, 1849, before the death of L. C. Boyle, "The Bank of the State" recovered judgment against him for $3,000, which was revived by proceedings against Schaffer, administrator, on November 10, 1869. In December, 1869, Josiah I. Perry, as assignee, brought suit against T. Henry Smith and wife, and others, heirs at law of L. C. Boyle, to foreclose a mortgage on an Edisto plantation belonging to the estate of L. C. Boyle. The date of the mortgage was junior to that of the judgment of the bank, and the complaint charged that the judgment must be considered as paid by presumption from lapse of time, or if not, that the bank should be required to revive the same and to pro-

ceed by execution to exhaust all the other property of L. C. Boyle before resorting to the premises mortgaged. The answer of T. H. Smith and wife, Susan, a daughter of L. C. Boyle, set up the same defence to the judgment. The bank answered, declaring their willingness to levy on other property of the estate, if any of such property could be pointed out ; but that not being done, the court, in 1870, made a decree sustaining the validity of the judgment, which was satisfied in part out of the proceeds of sale of the mortgaged Edisto premises. The remainder of the judgment was afterwards assigned to Thomas Henry Smith April 21, 1876, and is now claimed by him as a valid and subsisting lien against the estate of L. C. Boyle.

As the claims one and two are against the estate of M. E. J. Boyle, the wife, and three and four are against that of L. C. Boyle, the husband, it was necessary in the first place to determine to which of the estates the Singleton tract of land properly belonged. Upon the facts stated the master held, as matter of law, that L. C. Boyle was the owner of the Singleton plantation and had a good title thereto in his life-time; that Mrs. Boyle took no title under the assignment, nor did she take any title under the will, her only title in the property being her distributive share, viz., one-third thereof after the debts of her husband were paid, and to that amount only could her mortgage lien attach. As to the Roberts mortgage, executed by Mrs. Boyle, he held that it is a lien on her distributive share after the payment of L. C. Boyle's debts, &c. As to the judgment of Lockwood, guardian, against Mrs. Boyle, he held that the presumption of payment by lapse of time had not been rebutted. As to the judgment recovered by Perry, trustee, against the administrator of L. C. Boyle, he held that it is a valid and subsisting lien, according to its rank against the estate of L. C. Boyle. As to the judgment of the Bank of the State, assigned to T. Henry Smith, he held that its validity was established in the case of *Perry, Assignee,* v. *T. H. Smith and Wife, et al.,* in which the heirs of L. C. Boyle were parties, and that the balance still due is a valid lien upon the estate of L. C. Boyle.

Upon exceptions and argument in the Circuit Court, Judge Wallace affirmed the report in every particular, and from that

decree Mrs. Susan V. Roberts appealed to this court upon the following exceptions:

I. Mrs. Roberts objects: 1. Because there was no legal testimony of any sale by J. I. Perry to L. C. Boyle, and the master erred in not stating his rulings on the proposed testimony of the sale. 2. Because the presumption is, that the assignment of Perry to Mrs. Boyle was recorded on the second record in 1868, and that it was delivered, and there is no evidence to the contrary. 3. There is no proof of any judgment of Perry against Schaffer, administrator of Mr. Boyle, and the presumption of time, and from the assignment of the land by the mortgagee, Perry, to Mrs. Boyle, for a valuable consideration, is that the mortgage debt was paid by her.

II. Mrs. Roberts denies: 1. That L. C. Boyle in his lifetime ever had a good title to the land. 2. That the taking of a mortgage by Perry from Mr. Boyle was an estoppel in the sense of a presentation of his making title to Mrs. Boyle, especially where it is in evidence introduced by the family, that he, Perry, said he had made no title to Mr. Boyle. 3. That the possession of Mrs. Boyle was not adverse under her title from Perry to the other heirs and creditors of Mr. Boyle; and she alleges that the report of the master in this behalf is inconsistent in itself in holding (1) that Mrs. Boyle and the whole family "regarded her as the owner," working it, mortgaging it, and holding it for twenty-two years, ten years at least after the majority of the youngest child; and (2) that this possession was not adverse. 4. That the assignment of Perry to Mrs. Boyle was a nullity, the facts and presumption showing that she paid for it, besides the "good consideration" mentioned in the assignment to her by Perry. 5. That the Roberts mortgage was a lien only on one-third of the land, and not on all. 6. That the promise to pay Lockwood, guardian, within twenty years did not rebut the presumption of payment of her judgment to him. 7. That the judgments of the bank and of Perry (if proved) against Schaffer, administrator of Mr. Boyle, is binding on the heirs of Mr. Boyle, and especially on Mrs. Boyle's interest, covered as it was by a mortgage long before recorded.

III. Mrs. Roberts alleges: 1. That the master ought to have

reported the land as belonging to Mrs. Boyle. 2. That if it was a family mistake, and the land did belong to Mr. Boyle, the family should not now be allowed to take advantage of that mistake to the worry and injury of this mortgagee, who was at that time a minor. 3. That a mistake taken advantage of in that way would be a fraud, which would call for the strongest intervention of the courts. 4. That it was neither a mistake nor fraud, but a good title, which the mother of this family mortgaged to Mrs. Roberts, &c.

The leading question in the case is as to the ownership of the Singleton tract of land, for on that must depend the proper application of the proceeds of sale. The pleadings are not in the Brief, but the master found, and the Circuit judge concurred, that L. C. Boyle, in his life-time, purchased the Singleton plantation from Josiah Isaac Perry, paid part of the purchase money, and was let into possession; that he executed a mortgage to the vendor to secure the part of the purchase money paid, and that the remainder of the purchase money was paid soon after his death from the products of his estate, through his factors. And under this state of facts, it was held as matter of law "that L. C. Boyle was the owner of the Singleton plantation and had a good title thereto in his life-time."

In this conclusion we concur. It is true there was no proof of a formal deed from the vendor to the vendee while he lived. But one who purchases land, goes into possession with the consent of the vendor, and pays the purchase money, is entitled to have specific performance, and for all practical purposes must be regarded as the owner. It does not alter the case if a part of the purchase money is paid after the death of the purchaser. *Spears* v. *Oakes*, 4 *Rich.*, 347; *Watson* v. *Child*, 9 *Rich. Eq.*, 129. In the case of *Oakes* it was held that, in the absence of proof, title in the vendee is the legal implication of the vendor's accepting from him a mortgage of the premises; and as to the time of the payment of the purchase money, Judge O'Neall said: "So, too, of the payment to the South Carolina Society by Mr. Dart—that was in his duty as administrator, and rather strengthened than weakened the presumption of the plaintiff's title," &c. The case of *Watson* v. *Child* was, in several re-

spects, very much like this. In that case there was no deed to the purchaser in his life-time, only an agreement to purchase and a payment of a part of the purchase money. After the death of the purchaser, McLennon, his executors paid a balance due out of the personalty, and took title in their names; *held*, that as the land was purchased after the will was executed, "they were trustees for the heirs, and not for the legatees and devisees."

It is clear that Mrs. Boyle never had title as original purchaser, for the land was bought by her husband in his life-time, who paid part of the purchase money, the remainder being paid after his death from the proceeds of his farm. It is also clear that Mrs. Boyle had no title as devisee under her husband's will, for the land was purchased after the execution of the will, and he died before 1858. See 12 *Stat.*, 700; *Watson* v. *Child, supra;* and *Bell* v. *Towell*, 18 *S. C.*, 94. It is quite as clear that the endorsement of Perry on the deed to him from the executor of Singleton conveyed no title to Mrs. Boyle, for it was without witnesses or consideration, and was not shown to have been delivered. Besides, if the deed had been in all respects regular and delivered, she would have been held to be a trustee for the heirs under the authority of the case of *Watson* v. *Child, supra.*

But assuming that Mrs. Boyle only inherited one-third of the land, subject to the payment of her husband's debts, it is insisted that her possession of the land from 1850, when her husband died, until 1867, when she died, gave her title to the whole of it by adverse possession against her husband's heirs and creditors. Neither her administrator nor heirs make such defence, but the effort is made by Mrs. Roberts, one of her creditors, to set up the bar of the statute for Mrs. Boyle, so as to enlarge the property liable for her debt. The administrator of the debtor is the proper person to plead the statute of limitations. *Bolt* v. *Dawkins*, 16 *S. C.*, 198.

But passing that, we fail to see that Mrs. Boyle's possession was *adverse* either to her husband's heirs or creditors. Her possession was on the assumption that the land was well devised to her by the will; but in that view the devise was subject to the payment of her husband's debts. As executrix and devisee, she was charged with certain duties as to those debts, from which the

mere possession of the land could not absolve her. As was said in the case of *Simons* v. *Bryce*, 10 *S. C.*, 368 : "The widow, being both executrix and devisee, she cannot, in the latter capacity, claim any rights inconsistent with her duty in the former. Her first duty as executrix was to pay the debts of her testator so far as his property would extend, and until she had performed that duty, it is difficult to understand how she could acquire any adverse rights to such property, which was in her hands primarily for the purpose of paying such debts. She must be regarded, therefore, as in possession as executrix until the debts are paid ; and the lands devised to her must, while in her hands, remain liable for the payment of the debts due by the testator in preference to any debts due by her in her individual capacity," &c.

It is urged, however, that Mrs. Boyle was not devisee and in possession as such; that she was mistaken and all the other parties were also mistaken as to her rights in the land. This may be so, but we do not see how the subsequent discovery of the truth can have relation back, so as to change the whole character of her possession. No intentional fraud was practised upon Mrs. Roberts. She, or those who acted for her, simply had the misfortune to give credit to one who seemed to own property which she did not. Although the land turned out to be intestate property of L. C. Boyle, it was not, on that account, any the less liable for his debts. The possession of Mrs. Boyle was certainly not adverse to the rights of her children, who were her co-tenants and living with her. There is no pretence of ouster of any of the tenants. *Harvin* v. *Hodge*, *Dudley*, 23. At least two of the children, L. C. Boyle and Sarah C. Miles, were minors down to the death of Mrs. Boyle in 1867. *Thomson* v. *Gaillard*, 3 *Rich.*, 422. The Singleton plantation must be regarded the property of L. C. Boyle, sr., at the time of his death, and, not passing under his will, was intestate, and after the payment of his debts, was subject to distribution among his heirs under the statute— one-third to his widow, Mrs. M. E. J. Boyle, and the remaining two-thirds among his children.

This brings us to the inquiry as to what claims are established against the estate of L. C. Boyle and his widow, M. E. J. Boyle,

respectively, and first as to those against L. C. Boyle, which must be paid before distribution. No. 3, the judgment of the Bank of the State, was recovered against L. C. Boyle in his lifetime (1849). It was renewed against his administrator, Schaffer, in 1869, and in 1870 was incidentally affirmed by the court in the case of *Perry, assignee,* v. *T. Henry Smith and wife et al.,* in which the heirs of L. C. Boyle were parties. We see no reason to doubt that the balance due on this judgment is a valid debt of the estate of L. C. Boyle.

No. 4, the bond debt of Perry, trustee, for the $400 borrowed by L. C. Boyle for payment on the purchase money of the land, and which was secured by a mortgage of the premises in 1850, was sued to judgment against Schaffer, as administrator, in 1871. In this action the heirs of L. C. Boyle were not made parties, and on that account Mrs. Roberts objects, that the judgment is not a lien upon the land. The master and Circuit judge held it to be a lien, on the general ground that "a judgment against an administrator binds the lands of the intestate, even if the heirs are not made parties, and are in possession." Whether this ruling was correct depends entirely upon the character of the possession of the heirs. See the late case of *Huggins* v. *Oliver, ante* 147. But we do not regard the point as necessarily involved in this case. There was certainly a bond debt secured by a mortgage of these very premises. All the heirs of L. C. Boyle are before the court in this proceeding, and they make no such question. The amount still due on this judgment is a valid lien, according to its rank, against the estate of L. C. Boyle.

After the aforesaid debts are paid out of the proceeds of the land, one-third of the remaining proceeds are applicable to the debts of Mrs. Boyle, and the remaining two-thirds are distributable among the children of L. C. Boyle. No. 1, the mortgage given by Mrs. Boyle to Jacob A. Lockwood, as trustee, March 22, 1853, assigned to Mrs. Susan V. Roberts, and sought to be foreclosed in the case first stated. This claim is not contested, and the remainder due, as found by the master, is payable out of Mrs. Boyle's distributive share as above stated.

No. 2, the judgment originally for $3,135, obtained against Mrs. Boyle by Jacob A. Lockwood, as guardian, March 22, 1853.

The master and the Circuit judge held that, as this judgment was obtained more than twenty years before these proceedings were instituted, it must be considered as presumed paid, notwithstanding the note upon the subject written by Mrs. Boyle on February 9, 1866, upon the ground that the said note contained no such "distinct admission of a subsisting legal obligation unaccompanied by any conduct or expression indicative of unwillingness to pay," as was required in the case of *McQueen* v. *Fletcher*, 14 *Rich. Eq.*, 161. In this conclusion we do not concur. The doctrine as taken from *McQueen* v. *Fletcher* is correct as applied to a debt already barred by the lapse of full twenty years, but has no application to admissions made before the presumption is complete.

In that case it was held that in considering admissions relied on to rebut the presumption of payment, the same principles were applicable, which apply when admissions are relied on to take a case out of the statute of limitations. "So long as the lapse of time is less than twenty years, any admissions which oppugn the inference of payment drawn from it, go to the jury along with it, and all are considered together according to their natural force; but when full twenty years have expired, an admission that the payment has not in fact been made cannot of itself destroy the effect of the presumption." As to acknowledgments to take a case out of the statute of limitations, the distinction is familiar between a debt barred and one not barred. In the latter case a mere acknowledgment that the debt had not been paid and is still due, will be sufficient. "When an acknowledgment is made in writing by the debtor, charging him in direct terms, or if there be made a part payment or part satisfaction of interest then due, the action must be brought in twenty years next after the time of such acknowledgment, part payment, or part satisfaction." *Boyce* v. *Lake*, 17 *S. C.*, 488; *Best Pres.*, § 188.

Now apply these principles to this case. The judgment was recovered in 1853, and on February 9, 1866, less than thirteen years thereafter, Mrs. Boyle, the debtor, wrote to Mr. Richards, the then husband of Mrs. Roberts, "I received a short time since a letter from you relative to amount of balance due on bond to Mr. Lockwood, as guardian. I regret very much it is not in my

power at present to settle same, but assure you I shall endeavor to do so as soon as possible. Must beg your further indulgence," &c. This was before the lapse of full twenty years, and we think was an acknowledgment of the debt quite sufficient to give a new starting point to the running of the twenty years, which have not yet expired. It is true, Mrs. Boyle did not refer to a judgment, but we hear of no other debt of hers "to Mr. Lockwood, as guardian," and we have no doubt the reference was made to this same debt which was in judgment, and which is a subsisting debt against her estate.

The judgment of this court is that the judgment of the Circuit Court be modified as herein stated as to the Lockwood judgment against Mrs. Boyle, and that in all other respects it be affirmed.